IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NOELIA GONZALEZ, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO._____ |
| ORIENT BIORESOURCE CENTER, | § § § | |
| Defendant. | § § | Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Noelia Gonzalez (Hereafter "Ms. Gonzalez") in the above numbered and entitled case, complains of Orient BioResource Center, Defendant in the above numbered and entitled case, and for cause(s) of action would respectfully show unto the Court and jury as follows:

### I. PARTIES

1. Plaintiff, Noelia Gonzalez, is a Hispanic Female and a citizen of the United States. Plaintiff is a resident of the County of Jim Wells, State of Texas and at all pertinent times she was a resident of Jim Wells County, Texas.

2. Defendant, Orient BioResource Center, was an employer in Alice, Texas in Jim Wells County, at the time the alleged acts of discrimination occurred. At all times relevant hereto, Defendant engaged in an industry affecting commerce. Orient BioResource Center, on information and belief, is a corporation which can be served through its registered agent for service of process, Gary Tucker, FM 625, Alice, TX 78332.

1

## II. JURISDICTION

3.      The jurisdiction of the Court is invoked pursuant to the Family Medical Leave Act (FMLA), 29 U.S.C. Sec. 2601 *et seq.*, The Americans with Disabilities Act of 1990 (ADA) and The Americans with Disabilities Act Amendments Act of 2008 (ADAAA). This action also arises under the Texas Commission on Human Rights Act, Texas Labor Code, Sections 21.051, *et. seq*. (Discrimination by Employer), Sec. 21.055 (retaliation), Sec. 21.105 (Disability Discrimination), Sec. 21.125, Sec. 21.128 (Reasonable Accommodation), Texas Labor Code Sec. 451.001 (Filed a Workers Compensation Claim In Good Faith)  and 451.002 (Remedies).

## III. VENUE

4.      Venue is appropriate in this District pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Furthermore, the Defendant maintains sufficient business contacts in one or more counties comprising this Judicial District and the Corpus Christi Division.

## IV. FACTS

5.      Ms. Gonzalez began working for Defendant Orient BioResource Center as a Purchasing Coordinator on or about September 2017 when Defendant purchased the business from the prior company that  Ms. Gonzalez had worked for since 2011.

6.      On or about August 2018, Ms. Gonzalez's manager Ricardo Torrez resigned from Defendant. Paul Arebalo replaced Mr. Torrez as Facility Manager and Rachel Lane became Ms. Gonzalez's boss. After Paul Arebalo became Facility Manager he began telling everyone, "There's a new Sheriff in Town." Mr. Arebalo kept saying this repeatedly to everyone in a gloating manner.

7.      On or about April 4, 2019, Ms. Gonzalez was unpacking a box, while at work, and she fell. During the fall, most of the impact was to Ms. Gonzalez's right elbow. Later that day Ms.

Gonzalez felt her right shoulder hurting. Ms. Gonzalez needed medical attention, so she drove herself to her doctor's office. Ms. Gonzalez was diagnosed as having a massive rotator cuff tendon tear in her shoulder area. Ms. Gonzalez then returned to work and emailed Ms. Lane her Workers Comp Report's stated restrictions.

8. On several occasions Ms. Gonzalez asked Ms. Lane to train someone in her absence. However, Ms. Lane never did. So, Ms. Gonzalez decided to schedule her surgery & recovery during the holidays.

9. Ms. Gonzalez went out on leave, protected by the Family Medical Leave Act, to have surgery on her shoulder and recover, from on or about November 8, 2019 to December 1, 2019.

10. While Ms. Gonzalez was out on leave, a coworker called her and notified her that Ms. Lane and Laura Walters were throwing away her banker boxes, where she kept credit card statements, receipts, stock requests, packing slips, & batch reports. Coworkers also told Ms. Gonzalez that Ms. Lane and Ms. Walters moved items to different shelves, rearranging her set up. This was concerning to Ms. Gonzalez but she was recovering at home, and there was nothing she could do about it.

11. When Ms. Gonzalez returned, after recovering from surgery, she told Ms. Lane that she felt very violated because Ms. Lane had thrown her paperwork away and rearranged the shelves. Ms. Lane responded by growling at Ms. Gonzalez stating, "I am your boss. I can do whatever I want!"

12. After Ms. Gonzalez returned from surgery on December 2, 2019 and up until the day she was terminated, Ms. Gonzalez was subject to a hostile work environment by Ms. Lane which included but not limited to intentionally isolating Ms. Gonzalez and excluding her from

meetings, avoiding her on purpose, preventing her from communicating with her coworkers, and setting her up for failure.

13. Ms. Gonzalez was terminated on or about December 18, 2019, only 2 weeks after she returned from recovering from shoulder surgery. Director Gary Tucker and Ms. Lane told Ms. Gonzalez that she was released from her duties allegedly because Ms. Gonzalez could not get over her past personal feelings. To this day, Ms. Gonzalez doesn't understand what Ms. Lane meant by that comment.

14. Ms. Gonzalez was qualified for the position of Purchasing Coordinator. At all relevant times, Ms. Gonzalez continued to be qualified to fulfill the requirements of the position, and desired to retain the position.

15. On information and belief, Ms. Gonzalez asserts that Defendant acted with malice and in reckless disregard of Ms. Gonzalez's rights and welfare.

16. On or about April 19, 2021, the U.S. Equal Employment Opportunity Commission, San Antonio District Office issued its Notice of Right to Sue for the EEOC Charge related to the subject matter of the present complaint.

## V.   CAUSE OF ACTION

17. Plaintiff incorporates the preceding and proceeding paragraphs into this paragraph by reference. The above-described facts constitute retaliation and discrimination based on disability (massive rotator cuff tendon tear in her shoulder area) in violation of The Americans with Disabilities Act of 1990 (ADA) and The Americans with Disabilities Act Amendments Act of 2008 (ADAAA), Texas Commission on Human Rights Act, Texas Labor Code, Sections 21.051, *et. seq*. (Discrimination by Employer), Sec. 21.055 (retaliation), Sec. 21.105 (Disability Discrimination), Sec. 21.125 and Sec. 21.128. The Defendant's reasons for terminating Plaintiff

are pretext for its true reason for terminating Plaintiff which is intentionally because of her disability and as well as in retaliation for Plaintiff's requests for reasonable accommodations.

18. Plaintiff incorporates the preceding and proceeding paragraphs into this paragraph by reference. The Plaintiff was subjected to a hostile work environment based on her disability (massive rotator cuff tendon tear in her shoulder area) and for taking leave to have shoulder surgery in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. Sec. 2601 *et seq.*, The Americans with Disabilities Act of 1990 (ADA) and The Americans with Disabilities Act Amendments Act of 2008 (ADAAA), Texas Commission on Human Rights Act, Texas Labor Code, Sections 21.051, *et. seq*. (Discrimination by Employer), Sec. 21.055 (retaliation), Sec. 21.105 (Disability Discrimination), Sec. 21.125 and Sec. 21.128.39.

19. Plaintiff incorporate the preceding and proceeding paragraphs into this paragraph by reference. The Defendant's conduct in harassing and terminating Plaintiff after she returned from taking leave to have shoulder surgery violates the Family Medical Leave Act (FMLA), 29 U.S.C. Sec. 2601 *et seq.*, The Plaintiff is suffering and will continue to suffer irreparable injury as a result of the acts of Defendant.

20. Plaintiff incorporates the preceding and proceeding paragraphs into this paragraph by reference. The above-described facts also constitute retaliation and discrimination in violation of Texas Labor Code Section 451.001. Defendant had knowledge of Plaintiff's worker's compensation claim. Defendant expressed a negative attitude toward Plaintiff's injury. The stated reason for Plaintiff's termination from the Defendant is false, and was mere pretext for unlawful retaliation and discriminatory treatment, in violation of Texas Labor Code Section 451.001. As a result, Plaintiff has instituted, in good faith, a proceeding under Texas workers compensation laws and retained counsel for the same.

## VI.   DAMAGES

21. Plaintiff seeks liquidated damages under the FMLA and the damages, which are not liquidated for Plaintiff's other claims of discrimination and retaliation, are within the jurisdictional limits of this Court.

22. Plaintiff incorporates the preceding and proceeding paragraphs into this paragraph by reference. The conduct described above proximately caused actual and compensatory damage to Plaintiff, including but not limited to lost wages, benefits, humiliation and emotional distress, physical pain and suffering, medical services and medications in the past and in the future, damage to her personal reputation, damage to her professional reputation, damage to her earning capacity, and damage to her enjoyment of life.

23. Plaintiff is entitled to recover reasonable attorney fees pursuant to EAJA 28 U.S.C. § 2412(b), ADA, ADAAA and the FMLA.

## PRAYER FOR RELIEF

24. WHEREFORE, Plaintiff requests that this Honorable Court advance this case on the docket, order a jury trial at the earliest practical date, and grant Plaintiff the following relief pursuant to all state law, federal law and statutes cited in the preceding and proceeding paragraphs, including, but not limited to the following:

   (a) Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's rights;

   (b) Issue an order requiring Defendant to reinstate Plaintiff to her former job position and/or at a higher position to which she is entitled by virtue of her

        responsibilities and qualifications or award front pay if such reinstatement is not feasible;

(c)    Issue an order awarding Plaintiff back pay, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole and compensate her for the civil rights violations described above;

(d)    Award Plaintiff compensatory/mental anguish damages;

(e)    Award Plaintiff exemplary damages;

(f)    Award Plaintiff prejudgment and post-judgment interest as allowed by law;

(g)    Award Plaintiff attorney fees and costs of this suit;

(h)    Award Plaintiff liquidated damages;

(i)    Award Plaintiff such other legal and equitable relief as this Court deems just and proper;

(j)    Award Plaintiff damages requested in part VI of this Complaint;

(k)    Award Plaintiff all other relief, in law and equity, to which Plaintiff may be entitled.

Respectfully submitted,

_____/S/ *Ashok Bail*_____
ASHOK BAIL
ATTORNEY-IN-CHARGE

3120 Southwest Freeway, Suite 450
Houston, TX 7798
(832) 216-6693 (Tel)
(832)-263-0616 (Fax)
ashok@baillawfirm.com